**Robert Miles REIFF, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Misc. No. 1125.**

United States Court of Appeals
Ninth Circuit.

Jan. 30, 1961.

Robert Miles Reiff, in pro. per.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

Robert Miles Reiff, incarcerated in the federal correctional institution at Lompoc, California, under a judgment of conviction based on a plea of guilty, moved in the district court for an order removing him from Lompoc to the county jail in Los Angeles. The purpose of seeking such removal was to enable him to prosecute appropriate proceedings to obtain release on the ground that he is in custody under a judgment which is invalid. At the same time he moved for leave to use the Los Angeles County law library to perfect his intended legal action and for appointment of counsel to assist him.

The district court, treating the motion as an application under 28 U.S.C.A. § 2255, denied the same. Reiff moved in the district court for a correction of this order, asserting that his motion was not intended as a section 2255 application. No action was taken on the latter motion. Reiff thereupon appealed to this court and moved in the district court for bail pending appeal. The district court de-

nied this motion and Reiff has renewed it here.

■ Except in some exceptional circumstance such as existed in Tinkoff v. Zerbst, 10 Cir., 80 F.2d 464, a person convicted of crime who seeks release by way of a section 2255 or habeas corpus proceeding is not entitled to bail pending appeal from an order denying such an application. Examination of the record herein fails to disclose circumstances of an exceptional nature such as were dealt with in the Tinkoff case.

■ If, therefore, the motion of October 10, 1960, is treated as a section 2255 application, bail pending appeal is not available. Moreover, examination of that motion reveals that no facts are stated which, if true, would entitle Reiff to section 2255 relief. Therefore, the district court was obliged to dismiss the application and the appeal therefrom is frivolous.

■ What has just been said concerning the unavailability of bail on appeal is likewise true if the motion of October 10, 1960, is regarded, as Reiff contends, as a preliminary effort to place himself in a position to institute a section 2255 proceeding. Moreover, in that event the order is not appealable since it is not a final decision within the meaning of 28 U.S.C.A. § 1291.

■ If Reiff believes that he is held in custody under an invalid judgment his proper remedy is a section 2255 application to the district court setting forth the facts which show such invalidity. If his statement of facts supports the claim of invalidity, the district court will give consideration to any motion he may make for leave to proceed in forma pauperis and for assistance of counsel.

The motion for bail pending appeal is denied and the appeal is dismissed as either frivolous or as pertaining to an unappealable order.