John Charles EDWARDS, Jr., Appellant and Movant,

v.

UNITED STATES of America, Appellee and Respondent.

No. 16919.

United States Court of Appeals Ninth Circuit.

Feb. 17, 1961.

Rehearing Denied March 8, 1961.

Robert A. Keller, III, San Francisco, Cal., John Charles Edwards, Jr., in pro. per., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Russell R. Hermann, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

Upon this appeal this court has previously granted appellant leave to proceed in forma pauperis and has appointed counsel to represent him. Appellant and his counsel have received a transcript of the record sufficient to disclose the matters which transpired in the court below which gave rise to the contentions which appellant seeks to make in support of his appeal. After an examination of the record in the case, counsel previously appointed has appealed to the court for leave to withdraw as an attorney for the appellant stating that after such examination of the record and the applicable law the attorney concludes that there is no basis for an appeal.

Appellant now seeks appointment of another attorney to represent him, to extend the time for filing briefs and to release the appellant upon his own recognizance.

[1] The court cannot release the appellant from serving the prison term which was imposed upon him; nor can the court enlarge him upon bail. This is not an appeal from the judgment of conviction; it is an appeal from a denial of a postconviction remedy under Title 28, § 2255. The proceeding is not a criminal one; nor is it governed by the rules of criminal procedure; and there is no basis whatever for the request for release.

It also appears from the record which is now filed here that the appellant's attempted appeal is altogether frivolous. In his motion to vacate the sentence under § 2255, he asserted as grounds for relief that after he was indicted in two cases in the court below, one indictment containing two counts charging interstate transportation of forged securities, and the other charging violation of the Dyer Act, he entered a plea of guilty to one count of the first mentioned indictment but that the court had refused to accept his plea of guilty under the second indictment, and then without setting his case for trial before a jury, had proceeded to impose a sentence under the second indictment.

The certified record discloses that there is no basis for the appellant's motion to vacate sentence. The two indictments referred to were numbered 26,253 and 26,254 in the court below. Previously, on October 7, 1957, the defendant had pleaded guilty to the indictment in No. 26,254; he was represented by counsel; the case was continued awaiting a probation report, and after some further continuances appellant was again brought before the court on November 25, 1957 for sentence upon his plea of guilty in the last mentioned case. The court then examined the probation report and engaged in an extended conversation with the defendant with respect to the circumstances of the offense. Government counsel then interrupted and suggested that the court vacate the plea and set the case down for trial. The plea was not vacated. What transpired was that Government counsel stated: "The plea will stand in this case?" to which the court replied: "Oh, yes, I will continue the matter." The court then announced that it would pass sentence at the end of "the trial". This referred to the trial on the "not guilty" plea in the other case. Thereafter, on December 3, as previously indicated, appellant changed his plea as to the one count in the case numbered 26,253, and

the court announced that it would continue both cases until December 9 for sentence. At this time appellant was represented by counsel and the record leaves no doubt whatever that a guilty plea had now been entered in each case and nothing remained to be done except the imposition of sentence. On December 9, at the appointed time, the court imposed the sentence which the defendant is now serving.

■■ It is obvious that appellant has been proceeding under this § 2255 motion under a misapprehension that Government counsel's suggestion that the case be set down for trial had been approved and accepted by the court. Nevertheless the appeal is completely frivolous; there is therefore no occasion for appointing further counsel and all of appellant's applications are therefore denied and his appeal is dismissed as completely frivolous. See United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562.