Paul John CARBO, Frank Palermo, Joseph Sica and Louis Tom Dragna, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 17294, 17297.

United States Court of Appeals Ninth Circuit.

March 15, 1961.

William B. Beirne and A. L. Wirin, Los Angeles, Cal. (Fred Okrand, Los Angeles, Cal., of counsel), for appellant Carbo.

William Strong, Beverly Hills, Cal., for appellant Palermo.

Russell E. Parsons and Albert Jack Chotiner, Los Angeles, Cal., for appellant Sica.

Max Solomon, and John J. Bradley, Los Angeles, Cal., for appellant Dragna.

Laughlin E. Waters, U. S. Atty., Alvin H. Goldstein, Jr., Sp. Asst. to the Atty. Gen., Charles A. Lynberg and Robert E. Hinerfeld, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY, HAMLIN and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

These appeals, consolidated for hearing and disposition, constitute an epilogue to our decision of March 3, 1961, involving these same appellants. Carbo v. United States, 9 Cir., 288 F.2d 282. Essential background facts set out in that opinion will not be repeated here.

In our opinion of March 3, 1961, we reversed an order of the district court

granting the Government's motion to exonerate appellants' bail bonds and remand appellants to the custody of the marshal during a criminal trial now in progress. We also directed that appellants be admitted to bail

"* * * unless on further consideration and in the light of circumstances additional to what the trial judge has so far relied upon, entry of new orders exonerating bail and remanding appellants during the progress of the trial are entered." [1]

On the day after our opinion was filed all appellants renewed in the district court their motions for the setting of bail. The opinion of March 3, 1961, was then before the district court but the mandate thereon had not yet been issued.[2] Properly recognizing, however, that it had continuing jurisdiction in bail matters, the district court agreed to entertain the motions without awaiting issuance of the mandate. It was understood by all concerned that in disposing of the renewed motions the views announced in the opinion of March 3 would govern.

These motions were heard on Saturday, March 4, and Monday, March 6, 1961. In resisting the motions counsel for the Government amplified and supplemented the representations and showing made when the bail matter was before the court on February 21 and 24, 1961. The additional showing included a document summarizing the testimony as to pre-indictment threats given on March 2 and 3, 1961, at the criminal trial by the Government's principal witness, Leonard Blakely, commonly known as Jack Leonard. The other items comprising the Government's showing made at this time are listed in the margin.[3]

In support of the motions counsel for appellants offered and there was received the affidavit of appellant Sica and a photocopy of portions of the Los Angeles Times, issue of June 11, 1959.[4] Counsel for appellants also cross-examined Leonard and Jeanne Blakely with regard to their affidavits filed by Government counsel.

Extensive oral argument was had, after which the district court denied the motions to reset bail. In explanation of this ruling the court made the following statement:

"Upon the showing made by the Government, including the proceedings of record in this case since it has been called for trial, the court finds that there is reason to believe that the progress of this trial may be disrupted or impeded by the flight of one or more of the defendants or by the activities of one or more of the defendants during the trial, and that the fair administration of justice itself would be thereby jeopardized."

1. Also reversed, subject to the same conditions, were orders denying appellants' motions to vacate the order revoking bail and motion to reset bail pending trial. In the same decision we affirmed a district court order denying an application for a writ of habeas corpus, holding that habeas corpus was an unnecessary collateral remedy under the circumstances of the case.

2. The mandate on the decision of March 3, 1961, was issued on March 6, 1961.

3. Affidavits of Leonard Blakely, Jeanne Blakely, Assistant U. S. Attorney Robert E. Hinerfeld, Los Angeles detective sergeants Neal Looy and Robert A. Dean, and Los Angeles detective sergeant George M. Bell; two letters, both dated March 4, 1961, signed by W. G. Simon, Special Agent in Charge of the Los Angeles office of the Federal Bureau of Investigation; a newspaper article concerning the testimony of one Al Tannerbaum in another case; and a piece of pipe nineteen inches long, weighing two pounds, with a hand grip fashioned from black tape, wrapped in a newspaper bearing the date of February 19, 1961.

4. Counsel for appellant Palermo offered and then withdrew an affidavit by Palermo. Counsel then indicated that he would reoffer the affidavit if the court would rule in advance of such offering that Palermo would not be subjected to cross-examination as to such affidavit. The court declined to give an advance ruling, and the Palermo affidavit was accordingly withheld.

On Friday, March 10, 1961, after four days of trial devoted almost exclusively to cross-examination of Leonard Blakely, counsel for appellants again renewed their motions to reset bail. These motions were made more or less *pro forma* at the bench but out of the hearing of the jury. The purpose of appellants in renewing the motions at that time was to give the trial court an opportunity to rule on the bail matter in the light of Blakely's testimony on cross-examination. The motions were again denied.[5]

The instant appeals were taken from these orders of March 6 and 10, 1961. With regard to both appeals, appellants joined in motions addressed to this court for bail pending appeal. We ordered the two appeals consolidated for hearing and disposition. By agreement of the parties the motions for bail pending appeal were noted for hearing on March 13, 1961. At that hearing, counsel for all parties orally stipulated that the appeals would be deemed to be submitted on the merits as well as on the motions for bail pending appeal.

Appellants have preserved, but without additional argument, contentions which they advanced on the prior appeal concerning the inherent power of the trial court to revoke pre-conviction bail and the rules of evidence to be applied where the Government seeks to show a need for revoking bail. We adhere to the views expressed in our opinion of March 3, 1961, concerning these matters.[6]

In denying bail the court, as noted above, stated that there was reason to believe that the progress of the trial might otherwise be impeded by the flight of one or more of the appellants or by the activities of one or more of them during the trial, thereby jeopardizing the fair administration of justice.

Appellants contend that the court did not state what reason it relied upon for such belief. Such failure, it is argued, renders the orders unsupportable when considered in the light of our opinion of March 3, 1961. We there said, as appellants remind us, that on such a review as this " * * * we must pass judgment on what the trial judge said were his reasons, whatever support the record might afford for other reasons."

There is no denying the fact that the trial court made no attempt to state in its own words the reasons why in his opinion there was danger that one or more of the appellants might abscond or engage in other activities which would impede the trial. The court did, however, state that it based this conclusion "upon the showing made by the Government, including the proceedings of record in this case since it has been called for trial."

This, we take it, was an adoption by the court of all the reasons stated by Government counsel or warranted by the showing made by Government counsel. Thus if any of the reasons so stated or shown are sufficient and have a reason-

---

5. In denying the motions made on March 10, 1961, the court said:

"Except for certain telephone company employees who presented foundation evidence for documents respecting calls and records, the only witness we have had has been the witness Leonard. He has been under cross examination for a week. I don't think the posture of the case has changed sufficient since the court has ruled upon the matter of bail that I would be justified in disturbing the present situation, so the motion is denied. * * * The court makes by reference the same comment I made when ruling on the motion when it was made as to Carbo, and for the same reason.

The motion of each of these defendants is denied."

6. The second circuit, in an opinion rendered three days after our prior opinion was filed, has reached the same conclusion as stated by this court concerning the inherent power of the trial court to revoke pre-conviction bail during the progress of a trial. United States v. Bentvena, 2 Cir., 288 F.2d 442. The trial court order which was under review in Bentvena was also the subject matter of the opinion by Justice Harlan, as circuit justice, in Fernandez v. United States, 81 S.Ct. 642, referred to in our prior opinion.

689

able foundation in the circumstances found to exist, the trial court's exercise of discretion is vindicated.

The two grounds advanced by the Government, and adopted by the court, why bail should not be reset are (1) the likelihood that if at large on bail, one or more of the appellants might flee during the trial, and (2) the likelihood that if appellants were at large on bail during the trial, Government witnesses would have justifiable fears for their safety and might become victims of actual violence, thereby interfering with the presentation of the Government's case. Either of these grounds, if supported by a sufficient showing to warrant the exercise of a sound discretion, would provide adequate support for the orders here under review.

Appellants argue, however, that no sufficient showing was made as to either of these grounds.

We will consider first the sufficiency of the showing made in support of the second ground, i. e., that Government witnesses would be justifiably fearful for their safety and might be victims of violence if appellants were at large on bail during the extortion trial.

Appellants seem to contend that the only showing in support of this ground which the trial court was entitled to consider at the hearings on March 4, 6 and 10, 1961, was that which was additional to the showing made at the earlier hearings. We do not accept this view. While the trial court did not at the earlier hearings indicate reliance upon the ground now under discussion, neither did it indicate rejection thereof. In any event the principle of res judicata has no application in proceedings such as this. Moreover, the showing originally made as to the matter of violence was substantially amplified at the March hearings.

The total showing made as a foundation for the trial court's determination as to the likelihood of violence includes the following items: (1) The testimony of Leonard Blakely (Jack Leonard) given on direct and cross-examination during the extortion trial concerning pre-indictment threats against him and his family by the individual appellants and their associates; (2) the affidavits of Blakely and his wife and the letters from an official of the Federal Bureau of Investigation concerning numerous telephoned threats to Blakely from unknown persons, made in an effort to discourage him from testifying; (3) an affidavit concerning the finding, shortly before the trial, of a wrapped pipe with taped handhold in a car operated by an ex-convict who was associated with one of the appellants, the car having been stopped four blocks from the home of Blakely; (4) an affidavit that relatives and associates of appellants were present in the courtroom during the trial; (5) an affidavit that there had been an influx of out-of-state racketeers into Los Angeles since the extortion trial began; (6) a recital in Blakely's affidavit that on June 3, 1959, he had been physically assaulted in his garage by persons unknown.

No constructive purpose would be served by outlining in further detail the facts recited in this testimony and in these documents. We have examined them and find that, considered together, they warrant a reasonable fear that the safety of at least one Government witness may be endangered if appellants remain at large during the trial.

We have not overlooked the many objections which appellants voice against crediting this testimony and this documentary showing.

As to the telephoned threats, there was no showing that appellants were personally responsible—yet the threats were plainly made in their behalf. It was not shown that any of the appellants had anything to do with the carrying of the pipe in the car. But the ominous circumstances of the proximity of the car to Blakely's home immediately before the trial and the driver's connection with at least one of the appellants fit in too nicely

with the telephoned threats to be disregarded.

Blakely's statement that he was assaulted in his garage may or may not be ultimately disproved, and in any event he was unable to identify his assailants. But for the purposes of this proceeding the trial court was entitled to conclude that such an attack may have occurred and that its nature and timing was such as to indicate a tie-in with telephoned threats Blakely had received.

The influx of racketeers and the gathering of associates of appellants in the courtroom would not, standing alone, warrant revocation of bail. But these circumstances tend to round out a picture of tension and danger which the trial court was entitled to consider.

Blakely's testimony concerning pre-indictment threats was not referenced to his status as a witness at this trial. But it nevertheless gave substance to the Government's view that appellants were capable of forcing their way by threats and violence. The fact that his testimony may have been undermined on cross-examination is immaterial. Neither the trial court nor this court is passing upon his credibility or ruling that his testimony did or did not establish a prima facie case. But for the purpose of this collateral proceeding, the testimony which he gave is entitled to consideration.

The trial court took into consideration the showing made as to each individual appellant. This is evidenced by the fact, noted in our prior opinion, that defendant Gibson was readmitted to bail. Appellant Dragna contends that there was no adverse showing made as to him. But Blakely's testimony at the trial established some basis for the court's conclusion in this collateral proceeding that Dragna was an associate of the other appellants in all of their projects here relevant and that he personally made some pre-indictment threats.

Appellants argue that revocation of bail is not needed as a protective measure because Blakely is now receiving around-the-clock protection from the Department of Justice. Even if this were an appropriate consideration, which we doubt, the availability of police protection is never a certain safeguard. Further cross-examination of Blakely has been reserved, and he will probably be on call as a witness throughout the trial.

■ We conclude that ample foundation was shown for the ground relied upon by the court, namely, that revocation of bail was necessary to remove a substantial threat to the safety of one or more Government witnesses. We hold that the trial court did not abuse its discretion in denying on this ground the motions to reset bail.

It is accordingly unnecessary to decide whether a sufficient foundation was established for the other ground relied upon by the court—the likelihood that one or more of the appellants might abscond.

■ The motions for bail pending appeal are denied for the reason that rule 46(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A., authorizing the granting of bail pending appeal, is applicable only where a review on the merits of a conviction is sought. Stack v. Boyle, 342 U.S. 1, 18, 72 S.Ct. 1, 96 L.Ed. 3, (Jackson, J., concurring opinion). The oral motions for pre-conviction bail, made at the hearing before this court, are denied for the reasons stated in disposing of these appeals on the merits.

The orders are affirmed.