Petition of Robert B. CURTIS, William L. Clay, Lucien Richards, Rev. Charles Perkins and Norman Seay.

Petition of Louis FORD, Ian Grand, Benjamin Goins, Roberta Tournour, Taylor Jones, Kenneth Lee and Ronald Glenn.

Petition of Michela GRAND, Daniel Pollock and James Peake, Jr.

Nos. 64 C 52(3), 64 C 53(2), 64 C 54(3).

United States District Court
E. D. Missouri, E. D.

Feb. 28, 1964.

Clyde S. Cahill, Jr., (Joseph S. McDuffie, Robert E. Wilson, Jr., Robert L. Witherspoon, Charles R. Oldham, Emanuel Williams, Wyvetter H. Younge, Margaret B. Wilson, Robert Ratermann, St. Louis, Mo., for petitioners.

Eugene P. Freeman, Associate City Counselor, and Conway B. Briscoe, Jr., Asst. City Counselor, St. Louis, Mo., for respondent.

MEREDITH and REGAN, District Judges.*

The petitioners in these causes applied for writs of habeas corpus alleging that they are unlawfully restrained of their liberty in violation of the Constitution of the United States. The pleadings show that the petitioners are in the custody of the Warden of the City Jail of the City of St. Louis pursuant to orders of commitment served upon him by the Sheriff of the City of St. Louis on October 25, 1963, issued out of the Circuit Court of the City of St. Louis, State of Missouri, Division 2, presided over by Honorable Michael J. Scott, Judge. Petitioners were convicted of contempt of Court for their alleged violations of an injunction which had issued out of the Circuit Court of the City of St. Louis on August 30, 1963, restraining certain of these petitioners as individuals and as representatives of a class known as the St. Louis Committee On Racial Equality from physically interfering with other persons' entry and transaction of business at the Jefferson Bank and Trust Company.[1] Judge Scott sentenced each

---

* Identical opinions were handed down in these causes. Judge MEREDITH presided in No. 64 C 53(2) and Judge REGAN presided in Nos. 64 C 52(3) and 64 C 54(3).

1. The background of this controversy as set out in the St. Louis Court of Appeals opinion is substantially as follows:

On August 14, 1963, Robert Curtis wrote a letter which he signed as "Chairman of CORE" to the Jefferson Bank and Trust Company, St. Louis, Missouri. The letter advised the bank that the St. Louis Committee of Racial Equality had voted to take direct action against the bank if four full-time negroes were not hired in clerical or teller positions within two weeks. The bank replied on August 27th, advising that it was rejecting the request because it did not need four ad-

to definite terms ranging from sixty days to one year and imposed fines in amounts of from $500.00 to $1000.00.

The separate causes before this Court arise out of separate alleged violations of the injunction involving different parties, occurrences and trials for criminal contempt in the Circuit Court. However, the procedure after trial and commitment is the same for each of the three groups of petitioners before this Court. The petitioners filed applications for writs of habeas corpus to the St. Louis Court of Appeals, and a writ was issued.[2] A hearing was held on the merits reviewing the facts and the law. By an opinion filed January 15, 1964, four of the petitioners in that cause were discharged, and as to the other petitioners, which included all of the petitioners before this Court, the writs were quashed. The Court reviewed the facts, not only to determine whether constitutional rights of the petitioners had been violated, but also as an appellate court determining whether the record supported a finding of guilty beyond a reasonable doubt. The remaining petitioners then filed a writ of habeas corpus in the Supreme Court of Missouri raising all of the points raised here and others. The Supreme Court of Missouri in banc filed per curiam opinions adopting the opinion of the St. Louis Court of Appeals as to all of the petitioners and denying the writs. Petitioners have not sought certiorari from the Supreme Court of the United States for review of the decision of the Supreme Court of Missouri adverse to their contentions.

On February 7, 1964, petitioners applied here for habeas relief. We issued an order upon the Warden of the City Jail to show cause on February 17, 1964, why the writ should not issue. The time was extended to February 20, 1964, and on that date a return to the order was filed and a hearing set for February 27, 1964. Petitioners' answer of February 25, 1964, to the return raised the legal issue of whether petitioners had exhausted state remedies within the meaning of

---

ditional employees; it did not have applications from four qualified negroes; it was unwilling to discharge four present employees and hire four negroes because this would be discrimination and a violation of the Fair Employment Practices Act of the City of St. Louis. The bank urged CORE not to hold demonstrations interfering with its business operation which the bank had been informed were scheduled to start on August 30th.

On August 29th, the bank applied to the Circuit Court for a temporary restraining order. After hearing, Judge Scott issued on August 30th an order restraining certain named defendants as individuals and as representatives of a class known as the St. Louis Committee on Racial Equality from physically hindering, obstructing or interfering with other persons entering the bank's premises or transacting business in the interior of the bank. Defendants named in the restraining order were further ordered to show cause on September 26th why the temporary injunction should not issue. Some of the defendants were cited and convicted of criminal contempt for violating the restraining order on the date it was issued when one hundred or more persons entered the bank chanting, singing, locking arms, sitting down, lying down and thereby interfering with other persons' entry and transaction of business in the bank.

Again on October 4, 1963, and on October 7, 1963, the bank moved for the issuance of writs of attachment for the remaining petitioners and others alleging that notwithstanding notice of the restraining order, they had violated it by entering the bank, sitting on the floors, standing in front of the doors and thereby hindering the entrance and exit of the bank's customers. Judge Scott found that each petitioner had notice of the temporary restraining order and acted in concert and participation with and aided and abetted one or more defendants named in the restraining order and willfully disobeyed and violated the restraining order in certain particulars. Judge Scott found that their acts and conduct constituted offenses against the "majesty of the law and the dignity and authority of this Court" and ordered them punished "as for criminal contempt".

2. Petitioners chose to seek habeas corpus relief in the state court rather than the alternative remedy provided by Supreme Court of Missouri Rule 27.26, V.A.M.S. Mahurin v. Nash, 8 Cir., 321 F.2d 662.

the federal habeas corpus statute, 28 U. S.C.A. § 2254:

"State custody; remedies in State Courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

It cannot be doubted that prior to Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, it was the rule that exhaustion of state remedies within the meaning of the statute included seeking certiorari in the United States Supreme Court of the decision of the State's highest court denying the writ. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L. Ed. 761. It is clear that Fay v. Noia effectively disposes of the ruling in Darr v. Burford "to the extent it may be thought to have barred a state prisoner from federal habeas relief if he had failed timely to seek certiorari in this Court from an adverse state decision". Fay v. Noia, supra, 372 U.S. at page 435, 83 S.Ct. 847, 9 L.Ed.2d 837. The posture of these petitioners is different. They have not failed timely to seek certiorari but rather have open to them at this moment potential relief by way of petitioning for certiorari from the adverse decision of Missouri's highest court denying them habeas relief. Thus the factual basis underlying Fay v. Noia is not present here. While the Supreme Court discusses the question of whether "remedies available in the courts of the State" includes presently available certiorari and gives a strong indication that in the future the vitality of Darr v. Burford may altogether fail and the reasons for that possibility, such discussion is dictum and so recognized therein. Fay v. Noia, supra, 372 U.S. 435–438, 83 S.Ct. 822, 9 L.Ed.2d 837.

However, there is another unique feature to the instant circumstances. Under Missouri law there is no appeal, denominated as such, from a judgment of conviction for indirect criminal contempt. The opinion of the St. Louis Court of Appeals denying these petitioners relief explains that to remedy that lack of appeal, the role of the writ of habeas corpus is expanded to include want of jurisdiction in the particular case owing to the facts thereof. Thus before that Missouri appellate court the evidence was fully reviewed for a determination of whether it supported the findings of the trial judge. The St. Louis Court of Appeals opinion was relied on by the Missouri Supreme Court in denying the writ. In effect then before us is a judgment of conviction reviewed and affirmed by the State's highest court and a denial by that court of habeas relief from which petitioners have failed to seek a potential remedy now available to them—certiorari in the United States Supreme Court. Brown v. Allen, 344 U.S. 443, 447–450, 73 S.Ct. 397, 97 L.Ed. 469, presupposes the requirement that certiorari be sought for direct review of the state judgment before the issues with respect to certiorari on collateral relief denied by the State's highest court come into focus. See also Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900.

The review afforded a criminal contempt conviction by habeas corpus in the Missouri appellate proceeding is much broader than that to which petitioners would be entitled in a federal district court. It appears to this Court that if petitioners were successful in obtaining certiorari in the United States Supreme Court they might be entitled to the same scope of review as was afforded them in the Missouri appellate procedures since the state writ operates as an affirmance

of a criminal contempt conviction as well as a denial of the traditional habeas relief sought

 Petitioners, both at their original trial and throughout their state habeas proceedings, raised federal constitutional questions which were decided adverse to their contentions by Missouri's highest court. This court, mindful of its rung in the federal ladder and with due regard for the comity between the federal and state court systems, in its discretion, declines to exercise jurisdiction and entertain the petitioners' writ for federal habeas relief, without the opportunity having been first presented to the United States Supreme Court to grant or deny a petition for certiorari to review in effect what is both an affirmance of a final judgment of conviction and a denial of habeas relief by the Missouri Supreme Court. That remedy is still open to petitioners.

Petitioners' writ of habeas corpus will be denied.

At the time the return to the order to show cause was filed, petitioners applied for bail pending a decision on their application for a writ of habeas corpus. We considered at the time that we had jurisdiction to exercise our discretion in the matter, Johnston v. Marsh (CA 3rd) 227 F.2d 528, although we denied the bail. At the close of the hearing on February 27, 1964, after this Court had indicated that it would deny the writs of habeas corpus in each of the cases, petitioners moved for admission to bail orally and by refiling their original application. Presumably petitioners' intent was to request bail pending relief from the order denying the writs of habeas corpus in these causes. The Court has treated the refiled motion as such and has denied the same. It should be remembered that whatever effect a petition for review by certiorari to the United States Supreme Court from the adverse decision of the Missouri Supreme Court denying the writ might have, the proceeding before this district court is a civil action in habeas corpus and is

not, as such, an appeal from a criminal conviction. We are not here concerned either with bail pending trial or bail pending an appeal from a conviction. Habeas corpus is not governed by rules of criminal procedure. There are no unusual circumstances shown here to set aside the usual rule that bail cannot be granted to a prisoner during appeal from a denial of post-conviction remedy, such as habeas corpus or coram nobis. Edwards v. United States, (9th CA), 286 F.2d 704, Reiff v. United States, (9th CA), 288 F.2d 887. See also Carbo v. United States, (9th CA), 288 F.2d 686, l. c. 690, certiorari denied 365 U.S. 861, 81 S.Ct. 827, 5 L.Ed.2d 329.

The Clerk is hereby ordered and directed to enter judgment in accordance with the above findings and conclusions.