**Arthur BRUCE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 1854-65.**

United States District Court
District of Columbia.

June 29, 1966.

---

Joseph M. Snee, Washington, D. C.,
for petitioner.

Oscar Altshuler, and William M. Cohen,
Asst. U. S. Attys., Washington D. C., for
respondent.

1. United States v. Bruce, Crim. No. 195–65,
D.D.C., February 24, 1965.

2. See Stack v. Boyle, 342 U.S. 1, 18, 72
S.Ct. 1, 96 L.Ed. 3 (1951) (concurring

## OPINION

SIRICA, District Judge.

This matter comes before the Court on the motion of the petitioner through his counsel for release on personal recognizance, or, in the alternative, upon bond, pending his appeal. Along with two other persons, petitioner was indicted on February 24, 1965, for robbery and assault with a dangerous weapon. All three defendants entered pleas of not guilty. However, on April 13 and 14, 1965, they withdrew their not guilty pleas, the petitioner pleading guilty to robbery. On June 18, 1965, the remaining count of the indictment was dismissed as to petitioner and one other defendant, and petitioner was sentenced to a term of imprisonment of from two to eight years.[1]

On July 30, 1965, petitioner filed the present civil action under 28 U.S.C. § 2255 to vacate the conviction and sentence and for withdrawal of his guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure. A hearing was held on this motion on September 10, 1965, and the motion was denied. Findings of fact and conclusions of law were filed on September 24, 1965. The petitioner's motion for leave to appeal *in forma pauperis* was denied by this Court on October 4, 1965, and by the Court of Appeals on February 17, 1966. However, on April 22, 1966, the motion was granted by the Court of Appeals *en banc*.

As indicated, this case is presently before the Court of Appeals (No. 20146) not as a direct appeal from a conviction, but rather as an appeal from this Court's denial, after a full hearing, of a motion to vacate sentence under 28 U.S.C. § 2255. Counsel have not cited, nor has the Court discovered, any statute or rule of court which bears directly upon the instant case. It is clear that Rule 46(a) (2) of the Federal Rules of Criminal Procedure is inapplicable.[2] In oral argument, peti-

opinion) (Jackson, J.); Carbo v. United States, 288 F.2d 686, 690 (9th Cir. 1961).

tioner cited Rule 29(b) of the Rules of the United States Court of Appeals for the District of Columbia Circuit, and Rule 49(2) of the Rules of the United States Supreme Court. These rules pertain to review of certain habeas corpus proceedings and provide that the Court may determine the appropriate custody of the prisoner, including enlargement upon bond, as may appear fitting in the circumstances. The language of these rules and the language of 28 U.S.C. § 2255, however, indicate to the Court that the rules do not apply to the instant proceeding.

What appears to be the general rule, as enunciated by the few cases which have directly considered this question, has been stated as follows:

> The court cannot release the appellant from serving the prison term which was imposed upon him; nor can the court enlarge him upon bail. This is not an appeal from the judgment of conviction; it is an appeal from a denial of a post conviction remedy under Title 28, § 2255. The proceeding is not a criminal one; nor is it governed by the rules of criminal procedure; and there is no basis whatever for the request for release. Edwards v. United States, 286 F.2d 704, 705 (9th Cir. 1961).

In *Edwards*, appellant was sentenced after a plea of guilty. While serving his sentence, he filed a motion under 28 U.S.C. § 2255. After this motion had been denied by the District Court, leave to appeal *in forma pauperis* was granted by the Court of Appeals. That Court then denied bail and dismissed the appeal as frivolous. While, in the opinion of this Court, the instant appeal is also frivolous, the Court of Appeals has allowed the petitioner to proceed *in forma pauperis,* and, accordingly, this Court would not deny bail on that ground. However, it appears from the opinion that the Court in *Edwards* did not base their decision on the frivolity of the issues presented to them.

Although the opinion in *Edwards* might appear to indicate that bond is not authorized, under any circumstances, upon appeal from the denial of post conviction relief, other opinions indicate that this is not the case. In Johnston v. Marsh, 227 F.2d 528, 56 A.L.R.2d 661 (3rd Cir. 1955), the Court held that a Federal District Court had inherent power to admit a state prisoner to bail pending disposition of his petition for a federal writ of habeas corpus, even absent statutory authority. In that case, the basis for the request was the allegation that the prisoner, as an advanced diabetic, was, under conditions of confinement, rapidly progressing towards total blindness. The District Court admitted the prisoner to bail upon the condition that he go to and remain in a private hospital. Thus, it would appear that the Court does have the power to order the petitioner's release. However, in Reiff v. United States, 288 F.2d 887 (9th Cir. 1961), the Court held that only in exceptional circumstances will a person who seeks release by way of a section 2255 motion, or habeas corpus, be entitled to bail pending appeal from the denial of that relief. In *Reiff*, the petitioner had entered a guilty plea. He then moved for an order transferring him from the federal penitentiary to a Los Angeles, California county jail for the purpose of prosecuting a collateral attack upon his conviction. The District Court treated the motion as one under 28 U.S.C. § 2255 and denied relief. Bail pending appeal was denied by that Court. On appeal, the Court of Appeals affirmed, indicating that no exceptional circumstance existed which might entitle petitioner to bail. The Court also indicated that if, as the petitioner urged, this was not a motion pursuant to section 2255, then the order was not appealable, but that in any event, the appeal should be dismissed as frivolous. Again, as in the *Edwards* case, it is clear that the Court did not base its opinion as to the availability of bail on the frivolity of the petitioner's contentions. Finally, in Petition of Curtis, 227 F.Supp. 438 (E.D.Mo. 1964), the Court denied the petitioners' request for bail pending an appeal from a denial of a

petition for a writ of habeas corpus. In so doing, the Court indicated

> There are no unusual circumstances shown here to set aside the usual rule that bail cannot be granted to a prisoner during appeal from a denial of post-conviction remedy, such as habeas corpus or coram nobis.[3]

 As the petitioner correctly states, while a petition for a writ of habeas corpus, or a motion under 28 U.S.C. § 2255, in form, and for procedural purposes, is civil in nature,[4] it is not wholly civil,[5] and in some instances, Constitutional safeguards must be observed.[6] However, in the opinion of the Court, the requirement that a showing of unusual circumstances be made before a petitioner for post conviction relief be enlarged upon bond does not presuppose that the relief sought is completely civil in nature. Certainly, if this requirement is satisfied, a petitioner would be entitled to release.

In his memorandum and in oral argument, it was petitioner's contention that the issue before the Court has been decided by the United States Court of Appeals for the District of Columbia Circuit in Levin v. Katzenbach.[7] *Levin* was an appeal from the denial of habeas corpus relief by the District Court. Upon reversing the order of the District Court and remanding the case for a hearing on certain issues, the Court of Appeals directed that petitioner be released upon bond. Although the matter is not without considerable doubt, it does not appear that the issue before this Court was actually raised in the *Levin* case, or that the government contested the issue of bond. Furthermore, the Court in *Levin* did not hold that the petitioner there was entitled to bond pending appeal from a denial of habeas corpus, but that he should be released for the hearing that was to take place in the District Court. Indeed, it appears from the language of the Court's order that during the appeal the petitioner was incarcerated.

On the basis of the foregoing, this Court is of the opinion that it would be authorized to release the petitioner upon bond if there were unusual circumstances to justify such action. However, although details bearing upon the danger to the community and risk of flight if the petitioner were released have been argued, no factors have been brought to the attention of the Court, nor has the Court found any facts, which could be classified as unusual circumstances and which could form a basis for the Court to order petitioner's release. Accordingly, the Court is of the opinion that the petitioner's motion must be denied.

---

3.  227 F.Supp. 441.

4.  See Green v. United States, 158 F.Supp. 804 (D.Mass.1958) (Wyzanski, J.).

5.  See Dillon v. United States, 307 F.2d 445 (9th Cir. 1962).

6.  See Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961) (waiver of filing fee requirement).

7.  363 F.2d 287, D.C.Cir. May 19, 1966.