UNITED STATES of America,
Plaintiff,

v.

Edward MITCHELL, Defendant.

No. A74–15 Cr.

United States District Court,
D. Alaska.

Jan. 30, 1974.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for plaintiff.

Hal R. Horton, Anchorage, Alaska, for defendant.

MEMORANDUM AND ORDER

JAMES A. VON DER HEYDT, Chief Judge.

This matter comes before the Court on the motion of the United States to vacate order of the United States Magistrate regarding bail.

Defendant was indicted for violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 844(a), possession of heroin with intent to distribute and possession of schedule 1 controlled substance. Bail was set at $50,000 cash or surety by order of United States District Judge James A. von der Heydt on January 25, 1974. On January 29, 1974, the United States Magistrate for the District of Alaska reduced the amount of the bail to $20,000 without the consent of the District Court.

The United States has moved to vacate the Magistrate's order on the basis that a United States Magistrate does not have the authority to amend an order of a United States District Court Judge without the latter's consent.

It is true that the United States has not cited any case or statutory authority in support of its position. It is equally apparent that independent research of the court does not reveal any authority which gives a United States Magistrate power to amend an order of this court.

The statute empowering judicial entities to set bail is 18 U.S.C.A. § 3141, which states in pertinent part:

Bail may be taken by any court, judge or magistrate authorized to arrest and commit offenders  .    .    .    .

The statute empowers both United States Magistrates and United States District Judges to set bail, but is silent concerning the issue of whether either judicial officer has the inherent power to amend the orders of the other. However, ample authority exists indicating the broad powers of a United States District Judge to amend the orders of a Magistrate.

An early federal case holds that a United States District Judge may properly reduce the bail fixed by a Magistrate. United States v. Brawner, 7 F. 86 (W.D.Tenn.1881). More modern authority recognizes that once a lesser judicial officer has set bail, a United States District Judge has the inherent power to revoke bail during the course of a criminal trial when such action is appropriate to the orderly progress of trial and fair administration of justice. Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed.2d 683 (1961); Carbo v. United States, 288 F.2d 282 (9th Cir. 1961); Carbo v. United States, 288 F.2d 686 (9th Cir. 1961), cert. denied 365 U. S. 861, 81 S.Ct. 338, 5 L.Ed.2d 329.

As indicated earlier, the Court has been unable to locate authority which enables a Magistrate to amend an order of a United States District Court, and it is highly questionable that any such au-

thority exists. Accordingly, the Court finds that the Magistrate's order reducing bail dated January 29, 1973, is without legal effect.

Therefore, it is ordered:

1. That the motion of the United States to rule ex parte is granted.

2. That the motion of the United States to vacate order of the United States Magistrate regarding bail is granted, and said order is stricken.