849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William NARDONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William NARDONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William NARDONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William NARDONE, Defendant-Appellant.
 Nos. 87-6005, 87-6056, 87-7050 and 87-7162.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 25, 1987.
Decided: June 6, 1988.
 
 William Nardone, appellant pro se.
 Mary Stanley Feinberg, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, WIDENER and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Nardone appeals from orders of the district court which denied his motions for a new trial, for clarification of the order denying a new trial, for reduction of his sentence and for release on bond. We affirm.
 
 
 2
 Nardone alleges that a new trial is required because he has discovered new evidence which would exonerate him. The evidence which Nardone presents, however, so far as it is new or material at all, is merely cumulative or impeaching. It would not likely result in Nardone's acquittal at a new trial and therefore the district court did not abuse its discretion in denying a new trial or in denying the motion for clarification of its ruling. United States v. Williams, 613 F.2d 573 (5th Cir.), cert. denied, 449 U.S. 849 (1980).
 
 
 3
 Neither did the district court err in denying Nardone's request for reduction of his sentence. The sentence was within the statutory limits. A review of the record reveals that the allegedly altered indictment to which Nardone makes reference in his third Rule 35 motion, and which he again raises in this appeal as an attack upon his conviction, was not used at his trial.* His allegation that he has not been given credit for time spent in custody before he began serving his sentence is a claim which is properly raised in an action under 28 U.S.C. Sec. 2241 in the district where he is incarcerated, not in the sentencing court. United States v. Snow, 748 F.2d 928, 933 (4th Cir.1984); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976).
 
 
 4
 Rule 23(b), Federal Rules of Appellate Procedure, provides that a prisoner appealing denial of habeas corpus relief may be released pending a ruling on his appeal if release appears fitting to the court. Nardone's Rule 35 motion has been construed by this Court as a motion made under 28 U.S.C. Sec. 2255 and therefore comes within Rule 23(b). However, in order for a petitioner appealing the denial of habeas corpus relief under Sec. 2255 to be entitled to release from custody under Rule 23(b) there must be a strong showing by the petitioner that there is a substantial likelihood that he may prevail on appeal, and that exceptional circumstances exist which warrant granting bail. Ostrer v. United States, 584 F.2d 594, 599 (2d Cir.1978); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.1974). See also Dallo v. Immigration and Naturalization Service, 765 F.2d 581, 589 (6th Cir.1985); Bruce v. United States, 256 F.Supp. 28, 30 (D.D.C.1966), aff'd, 379 F.2d 113 (D.C.Cir.1967). Because Nardone showed no exceptional circumstances and little likelihood that he would prevail on appeal, his motion was properly denied in the district court.
 
 
 5
 Accordingly, we affirm the district court's orders denying relief. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 AFFIRMED[1].
 
 
 
 *
 Although Nardone's motion was untimely if considered as a Rule 35 motion, the district court could consider it as a motion under 28 U.S.C. Sec. 2255 and therefore jurisdiction was proper. United States v. Santora, 711 F.2d 41 (5th Cir.1983)
 
 
 [1]
 We have previously, on January 15, 1988, denied Nardone's motion for release on bail renewed in this court