Irven Lee DAWKINS, also known as
Jack Dawkins, and Carol
Thomas, Appellants,

v.

Joe M. CREVASSE, Jr., Sheriff of
Alachua County, Florida,
Appellee.

No. 25712.

United States Court of Appeals
Fifth Circuit.

April 12, 1968.

Jerome J. Bornstein, Orlando, Fla., for appellants.

George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Appellants were found guilty in the Circuit Court of Alachua County, Florida, of contempt of that court in connection with the publication and distribution of certain alleged inflammatory and threatening handbills in the hallway adjacent to the grand jury room of Alachua County while the grand jury was in session or during a recess. They were sentenced to terms of imprisonment and denied bond pending appeal by the Florida State Courts, including its Supreme Court. They brought habeas corpus proceedings in the United States District Court for the Northern District of Florida, seeking their release on the ground that the conviction and sentence were in violation of their First and Fourteenth Amendment rights and, alternatively, seeking release on bond pending appeal. The District Judge denied their request for an order for bond pending appeal and did not pass on the merits of their allegations that the Florida State conviction violated their constitutional rights. Appellants appealed to this Court.

On February 6, 1968, a panel of this Court (Judges Brown, Gewin and Goldberg), on consideration of appellants' motion for bond pending appeal, ordered that appellants be granted bail in the amount of $1,000 each pending disposition of the appeal on the merits.

In the meanwhile, on March 7, 1968, the First District Court of Appeal, State of Florida, affirmed the Florida Circuit Court contempt conviction of appellants, and appellants have petitioned for certiorari to the Florida Supreme Court.

While we intimate no view on the merits of the conviction of appellants for contempt of the Florida Circuit Court, nevertheless we are of the belief that their appeal to the Florida appellate courts was not so lacking in merit or frivolous as to warrant denial of bail pending appeal. Accordingly, we conclude that the Trial Judge erred in not granting a writ of habeas corpus at least to the extent of ordering appellants' release on bail pending their ap-

peal in the Florida courts. We, therefore, reverse the order below in this case and direct the District Judge to enter an order granting bail in the amount of $1,000 to each appellant pending disposition of the appeal from the Florida State convictions through the exhaustion of such remedies and appellate procedures as are available to appellants and provided such proceedings are carried on with due diligence to a prompt conclusion. The bonds heretofore furnished by appellants in the sum of $1,000 each should suffice to comply with the order which we direct the District Court to enter in this matter.

Reversed and remanded.