**Robert W. BAKER, Appellant,**

v.

**Thomas R. SARD and Donald J. Sheehy.**

**Robert W. BAKER, Appellant,**

v.

**Thomas R. SARD, Chairman, Board of Parole, et al.**

**Nos. 22757, 22758.**

United States Court of Appeals
District of Columbia Circuit.

Decided Oct. 15, 1969.

Mr. W. Carter Bowles, Jr., was on the motion for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S.

Atty., were on the opposition to the motion for appellees.

Before LEVENTHAL and ROBB, Circuit Judges, in Chambers.

PER CURIAM:

Appellant was released on parole in 1964 after serving over eight years of a four-to-thirteen-year sentence for housebreaking and larceny. Appellant failed to report to his parole officer upon release, and a warrant immediately issued for his arrest as a parole violator. The warrant was not executed until 1968 when appellant was extradited from California. The conditional release was revoked following a hearing before the Board of Parole, and appellant was reincarcerated. An application for writ of injunction and for declaratory relief, challenging the proceedings before the Board of Parole, was dismissed by the District Court, and an appeal was taken to this court under 28 U.S.C. § 1291 (1964).

The main claims of error urged on appeal are that the Board of Parole did not explain the terms of release to appellant in 1964, that he was denied counsel at the parole revocation hearing, and that he was unlawfully taken into custody as a parole violator because he was not subject to the jurisdiction of the parole board since the thirteen years maximum sentence imposed on him in 1954 had expired by 1968. By the motion now before the court, appellant seeks release on personal recognizance pending the determination of these issues on appeal.

■ We hold that a request for release pending appeal from the dismissal of appellant's action for declaratory relief should ordinarily be raised first in the District Court where there exists the judicial machinery necessary to marshal the facts typically relevant to the release inquiry. Appellant's failure to initiate his request for release in the court below requires that his motion be denied without prejudice to renewal in the District Court.

This proposition is self-evident. However, appellee raises some question as to this court's jurisdiction to entertain a request for bail in this type of case. Appellee argues that the Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3152 (Supp. II, 1965–1966), authorizes release pending a direct appeal from a criminal conviction or a petition for a writ of certiorari, and that rules of court make provision for release pending appeal of a denial of a writ of habeas corpus, Fed. R.App.P. 23(b); Sup.Ct.R. 49(2). Yet there is no statutory authorization for release pending appeal from the dismissal of an action attacking parole or probation revocation.

■ When an action pending in a United States court seeks release from what is claimed to be illegal detention, the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release, pending determination of the merits.[1] This principle is not rendered inapplicable by the circumstance that the action in the case before us is civil in nature,[2] and not a direct criminal appeal.

Release is available in a habeas corpus action, which is a civil collateral attack,[3] and also in an action under 28 U.S.C. § 2255 (1964).[4]

■ However, when the attack is collateral, the release request ordinarily must be measured against a heightened standard requiring a showing of exceptional circumstances. A forceful special circumstance is the likelihood of success

---

1. United States v. Evans, 2 F. 147 (C.C. W.D.Tenn.1880). *See* Pritchett v. United States, 67 F.2d 244 (4th Cir. 1933) (power to grant release pending appeal of probation revocation assumed by court, though appropriate only in very exceptional circumstances.)

2. Edwards v. United States, 286 F.2d 704, 708 (9th Cir. 1961).

3. Fed.R.App.P. 23(b); Sup.Ct.R. 49(2).

4. Reiff v. United States, 288 F.2d 887 (9th Cir. 1961); Bruce v. United States, 256 F. Supp. 28 (D.D.C.1967).

on appeal.[5]  Here appellant raises substantial issues.[6]  Nevertheless, likelihood of success on appeal is only the first step in demonstrating the appropriateness of a requested release.  Other matters, including the threat of flight from the jurisdiction, must be considered, and they should be considered first in the District Court.

Motion denied without prejudice.

5.  *See* Aronson v. May, 85 S.Ct. 3, 13 L.Ed. 2d 6 (Circuit Justice Douglas, 1964).

6.  *See, e. g.,* Note, Constitutional Law: Parole Status and the Privilege Concept, 1969 Duke L.J. 139; Note, Parole Revocation in the Federal System, 56 Geo.L.J. 704 (1968); Comment, Due Process: The Right to Counsel in Parole Release Hearings, 54 Va.L.Rev. 497 (1968).