**Roger Leroy GOODMAN**

v.

**Dr. Allen L. AULT, Warden, Georgia Diagnostic and Classification Center, Jackson, Georgia.**

**Civ. A. No. 18217.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 23, 1973.

Glenn Zell, Atlanta, Ga., for petitioner.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

EDENFIELD, District Judge.

Several days after the court entered its orders of April 27, 1973, in this habeas corpus case enlarging petitioner on bond pending exhaustion of his state remedies, the court was informed by the District Attorney for the Alcovy Judicial Circuit, counsel for the Sheriff of Newton County (Georgia), who had been named as the original respondent in this case, that the Sheriff of Newton County had not been served with a copy of petitioner's application for the writ of habeas corpus and, therefore, had never had an opportunity to be heard on the matter. The court had not been made aware of this at the time it considered petitioner's application and entered its orders,[1] and had it been aware, it would certainly have not acted prior to affording the Sheriff an opportunity to respond or be heard. Immediately after speaking with the District Attorney, the court set a hearing on the case which was held May 11, 1973. Petitioner was represented by counsel at the hearing, and both the District Attorney for the

Alcovy Judicial Circuit and an Assistant Attorney General from the Georgia Department of Law appeared for respondent. At the outset of the hearing the District Attorney, on behalf of respondent, orally moved that the court revoke its orders of April 27, 1973.

According to the uncontradicted representations of counsel for both sides, petitioner, a 24-year old black, was convicted about a month ago in the Superior Court of Newton County on a charge of selling two-fifths of an ounce of marijuana to a minor. The minor in this case was a 16-year old convicted drug seller. Such a conviction is a felony conviction in Georgia, and the authorized punishment is a fine of not more than $5000, confinement in the penitentiary for a period not to exceed five years, or both fine and imprisonment. Ga.Code Ann. § 79A–9915(b) (1972 Supp.). In petitioner's case the jury fixed punishment at a fine of $1500 and imprisonment for one year, but it recommended that the one-year prison sentence be probated. The trial judge did not accept the jury's recommendation and sentenced petitioner to a fine of $1500 and imprisonment for one year. Petitioner then filed a notice of appeal and requested that the trial judge grant him bail pending appeal. Under Georgia law it is within the discretion of the judge to grant bail pending an appeal of a felony conviction. Ga.Code Ann. §

---

1. The overwhelming number of applications for the writ of habeas corpus from state and federal prisoners received by this court are prepared by the prisoners themselves in forma pauperis. Since a good many of these petitions are not ripe for consideration, the Clerk of this Court has adopted a procedure whereby all prisoner petitions in forma pauperis are distributed to the several judges of the court for screening before they are allowed filed. The judges often dispose of the petitions by letter. Those petitions presenting justiciable matters, however, are allowed filed by court order. Once that filing order is entered, the Clerk's office mails a copy of it and all subsequent orders and pleadings not served by the petitioner upon the respondent or his counsel which, in state habeas corpus cases, is the Georgia Department of Law.

In the present case, however, the petition for the writ of habeas corpus was prepared on petitioner's behalf by retained counsel, and the $5 filing fee was paid. However, petitioner did not serve a copy of his petition upon either the original or the present named respondent, and although the petition was filed by the Clerk's office, a copy of it was not mailed to either the original or the presently named respondent before it was submitted to this court for disposition.

27–901 (1972). Petitioner's request was denied by the trial judge.

Subsequently, petitioner applied for the writ of habeas corpus in this court under 28 U.S.C. § 2254 (1970). In his original application petitioner alleged most of the above facts and contended that the denial of bail pending appeal violated his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States. He further contended that he had no adequate remedy under state law. In an affidavit attached to the application petitioner's counsel averred that he was aware of at least three errors at trial that might warrant a reversal of petitioner's conviction, that under the rules of the Georgia corrections board petitioner would complete service of his one year sentence in eight months and eighteen days after conviction, and that an appeal to the Georgia Court of Appeals would take between six and eight months. He further averred that petitioner and his family were life-long residents of Newton County, that petitioner's family owned property in Newton County, that petitioner had no prior convictions, and that petitioner was gainfully employed and earning over $150 per week at the time of his conviction.

In response to the court's request that petitioner clarify the nature of the errors he claimed were committed at his trial, petitioner filed an amendment to the application in which he alleged that three errors which occurred during his trial reached federal constitutional dimensions. One of these three allegations was that blacks were systematically excluded from the grand jury which indicted him.

In its orders of April 27, 1973, this court chose to treat petitioner's application as one seeking release on the basis of an unconstitutional conviction. The court specifically referred to petitioner's allegation that blacks had been systematically excluded from the grand jury which indicted him. The court noted that in view of the sentence petitioner received and the length of time it apparently took to prosecute an appeal, there was a real possibility that petitioner would complete service of his sentence and moot his case in this court before this court could consider the merits of his constitutional attack. The court decided to stay its consideration of petitioner's application pending exhaustion of state remedies, but it ordered petitioner released to the custody of the United States Marshal, and it ordered the Marshal to present petitioner to the United States Magistrate for enlargement on federal surety bond in the amount of $1000 pending further order of the court. In view of this disposition the court found it unneccessary to discuss or dispose of petitioner's contentions that the denial of bail pending appeal violated his constitutional rights.[2]

At the hearing in this case respondent took the position that the prosecution of petitioner's state appeal would take only two to three months so that there was no real possibility that he would complete service of his sentence before this court could consider the merits of those portions of his application attacking the constitutionality of his conviction. In support of this position respondent elicited the testimony of the state court reporter who reported petitioner's criminal trial. She testified that she would have the transcript ready in a week. The District Attorney represented that he had been assured by the clerk of the Superior Court of Newton County that the

2. For an interesting treatment of such a claim, see United States ex rel. Keating v. Bensinger, 322 F.Supp. 784 (N.D.Ill. 1971). For a general discussion of the problem of granting release on bond in habeas corpus cases, see Remarks of Judge John J. Gibbons at the Judge's Third Circuit Judicial Conference, Sept. 21, 1972.

record of the criminal case would be prepared and forwarded to the Georgia Court of Appeals the next day. He further represented that, notwithstanding the fact that there are no formal provisions for expediting an appeal in the Georgia Court of Appeals, he had made informal arrangements together with the Georgia Department of Law which would virtually guarantee that the Georgia Court of Appeals would decide petitioner's appeal within two to three months.

Respondent also took the position at the hearing that petitioner was a menace to the community in Newton County, and that his enlargement on federal bond by this court would not only detract from the deterrent effect of the sentence petitioner received but also jeopardize the public safety.

Petitioner, in rebuttal of respondent's first position, pointed out that under 28 U.S.C. § 2254 he must exhaust *all* available state remedies before applying to this court for federal habeas corpus relief, so that even if petitioner's appeal to the Georgia Court of Appeals took only three months, petitioner would still have to apply for certiorari to the Georgia Supreme Court and request a rehearing of any denial of certiorari by that court before coming here. This, according to petitioner, could take anywhere from several months to a year.

In answer to respondent's second position counsel for petitioner emphasized petitioner's youth, his employment record, his ties to the community, the nature and amount of the drug involved in his case, and the degree of punishment he received from the jury. Petitioner's counsel also pointed out that although petitioner had been arrested during a civil rights march several years ago, he had no prior criminal convictions.

The court finds that petitioner will complete service of the bulk, if not the entirety, of his state sentence before this court will be able to consider the merits of those portions of his appliction for the writ of habeas corpus which attack the constitutionality of his conviction. This finding is based largely on the court's belief that petitioner will be unable to exhaust his state remedies through the Georgia Supreme Court within approximately eight months. In view of this finding the court concludes that the state remedies available to petitioner would not be truly effective to protect his rights, and unless this court granted some interim relief, it would be unjust to insist that he exhaust his state remedies. In this respect the court finds the case of Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) controlling.

In *Boyer* a state prisoner who had been given a four-month sentence filed an application for the writ of habeas corpus in federal district court challenging the constitutionality of his state conviction. The district court dispensed with the exhaustion requirement on the grounds that since prior state court decisions made it clear that the applicant would get no relief in state court, the state corrective process was ineffective to protect his rights. The district court proceeded to the merits of the application and denied relief. The Fifth Circuit vacated the judgment of the district court and remanded. The Fifth Circuit held that contemporary state court decisions made it far less clear that the applicant would get no relief in the state courts, and it reversed the district court's conclusion that exhaustion was not necessary. However, it noted that the applicant would doubtless complete service of his sentence before the federal courts could consider the merits of his application and afford any practical relief. Accordingly, it ordered that the applicant be immediately released on bond in an amount, form, and surety to be set by the district court, the release to continue until the applicant had exhausted his state, and if necessary, federal remedies. It observed that it had

followed this same procedure in Dawkins v. Crevasse, 391 F.2d 921 (5th Cir. 1968).

 In collateral proceedings release on bond should be granted only in exceptional circumstances. Baker v. Sard, 137 U.S.App.D.C. 139, 420 F.2d 1342 (1969). Petitioner has made a forceful showing of such circumstances by pointing out the potential ineffectiveness of his state remedies. In addition, the nature of his constitutional attack on his conviction is a substantial one. Other matters, including the threat of flight from this District, must also be considered however. In this regard the court has taken due note of the fact that the state trial judge, in the exercise of his discretion, denied bail to petitioner pending appeal of his state conviction. Nevertheless, the court is impressed by the fact that the jury which convicted petitioner fixed his prison sentence at one year and recommended probation of that one year sentence, although under Georgia law it could have fixed sentence at five years imprisonment. The court is also impressed by the fact that, as represented to the court by petitioner's counsel, petitioner's employer reemployed him immediately upon his enlargement on federal bond. It is uncontroverted that petitioner and his family have strong ties to Newton County and to this District, that petitioner has no record of prior criminal convictions, that he is 24 years old, and that his crime involved selling less than half an ounce of marijuana to a convicted drug seller who was also a minor. Under all these circumstances the court concludes that it was proper to release petitioner on federal bond in this case pending exhaustion of his state remedies.

For the foregoing reasons respondent's motion, made orally at the hearing in this case, that the court revoke its orders of April 27, 1973, entered in this case is denied.

It is so ordered.