**In re Louie L. WAINWRIGHT, Director Division of Corrections, State of Florida, Department of Health and Rehabilitative Services, Petitioner.**

No. 75–2507.

United States Court of Appeals, Fifth Circuit.

June 25, 1975.

Rehearing Denied Aug. 11, 1975.

---

\*    \*    \*    \*    \*    \*

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, Fla., for petitioner.

Ben Krentzman, U.S. District Judge.

Paul Game, Jr., U.S. Magistrate.

Joel P. Yanchuck, St. Petersburg, Fla.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

BY THE COURT:

It is ordered that the petition for writ of mandamus and/or writ of prohibition is denied.

ON PETITION FOR REHEARING

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Louie L. Wainwright, Director, Division of Corrections, State of Florida, Department of Health and Rehabilitative Services and petitioner herein, seeks from this court a Writ of Mandamus and/or Prohibition directed at the Honorable Ben Krentzman, United States District Judge, and/or the Honorable Paul Game, Jr., United States Magistrate. Basically, Mr. Wainwright complains that Magistrate Game exceeded his jurisdiction in releasing on bond a Florida state prisoner pending adjudication of that prisoner's habeas corpus action in the United States District Court for the Middle District of Florida, Tampa Division. Petitioner seeks extraordinary relief aimed at confining Magistrate Game to his supposed jurisdiction.

■ In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus. *United States ex rel. Thomas v. State of New Jersey,* 472 F.2d 735, 743 (3rd Cir.) *cert. denied,* 414 U.S. 878, 94 S.Ct. 121, 38 L.Ed.2d 123 (1973); *Woodcock v. Donnelly,* 470 F.2d 93, 94 (1st Cir. 1972); *Johnston v. Marsh,* 227 F.2d 528 (3rd Cir. 1955); *Goodman v. Ault,* 358 F.Supp. 743 (N.D.Ga.1973); *cf. Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974); *Jimenez v. Aristiguieta,* 314 F.2d 649 (5th Cir. 1963); Federal Rules of Appellate Procedure 23.

■ Release of the prisoner on bond being clearly within the power and jurisdiction of the district court, the extraordinary writs of prohibition or mandamus will not issue for the purpose of regulating that court's internal arrangements for exercising that power, especially when the magistrate was presumably authorized to act by the judge of the court.

Nor will either issue to direct a United States District Judge to refrain from delegating one of his powers, when there is no statutory or higher court authority specifically forbidding the delegation and, thus, no showing of consistent refusal to perform a known duty.[1]

The petition is denied.

---

1. We observe without deciding that it is probably within the power of a United States magistrate to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action. 28 U.S.C. § 636(a)(1) vests in United States magistrates "all powers and duties conferred or imposed upon United States commissioners by law . . . ." Former section 637 of 28 U.S.C. allowed United States commissioners to take bail. There is nothing to indicate that a magistrate's jurisdiction vis-a-vis bail is more limited than that of the District Court which he serves.