**Guy A. ZONA and Angelo Castello, Petitioners,**

v.

**William T. ROBERTS, Sheriff, etc., and the Attorney General of the State of Florida, Respondents.**

**No. 79–475 Civ–T–H.**

United States District Court, M. D. Florida, Tampa Division.

April 25, 1979.

Lloyd C. Mosley and H. Michael Evans, Clearwater, Fla., for petitioners.

## ORDER

HODGES, District Judge.

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is pending before the United States Magistrate in keeping with the Court's general order of assignment. In addition, however, Petitioners have filed an "application for stay of sentence and for permission to remain on bail."

It is now settled, despite the lack of specific statutory authority, that "it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975). It is equally clear, however, that when release is sought in a *collateral* proceeding attacking incarceration resulting from a prior *judicial* determination of guilt, exceptional circumstances must be shown in addition to the mere presence of substantial issues raised by the petition. *See Aronson v. May*, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers on application for bail), and *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974). This is not, in other words, a proceeding governed by the Bail Reform Act (18 U.S.C. § 3141, *et seq.*); and, indeed, the use of the term "bail" is a misnomer in a civil habeas corpus proceeding. *United States ex rel. Thomas v. State of New Jersey*, 472 F.2d 735, 741 (3d Cir. 1973), *cert. denied* 414 U.S. 878, 94 S.Ct. 121, 38 L.Ed.2d 123 (1973). In the final analysis, therefore, whether the Court should exercise its inherent power to "enlarge" a state prisoner from his post-conviction, post-appeal incarceration is a matter of judicial discretion, not supported by any claim of right; and such discretion should be exercised in favor of release only in the clearest, most exigent circumstances given the usual consideration of comity, the collateral nature of the proceedings, and the prior dissipation of the presumption of innocence by the adjudication of guilt in the state courts. *See Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972).

Bearing those principles in mind, therefore, it is necessary preliminarily to examine each of Petitioners' constitutional claims in order to determine the threshold issue as to whether Petitioners have demonstrated a "high probability of success." *Calley v. Callaway, supra* at 702. Accordingly, the pending application is referred to the United States Magistrate for his consideration and recommendation. He may, of course, require a response from the Respondents and conduct such proceedings as he deems necessary to a proper determination of the issue.

IT IS SO ORDERED.