Diane MONROE

v.

STATE COURT OF FULTON
COUNTY, et al.

Civ. No. C83–160.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 25, 1983.

Stephanie Kearns, Atlanta, Ga., for plaintiff.

Donald C. English, Asst. Sol. Gen., Atlanta, Ga., for defendant.

## ORDER

### ORINDA D. EVANS, District Judge.

This action is before the Court on the Petitioner's Motion for Stay of State Sentence of Imprisonment.

*Background*

On September 17, 1980, the Petitioner was convicted of misuse of the national flag in violation of Ga.Code Ann. § 26–2803[1] and was sentenced to twelve months imprisonment.[2] The Supreme Court of Georgia affirmed the judgment of conviction on October 5, 1982 and denied a request for rehearing on October 18, 1982.

On January 28, 1983, the Petitioner filed both a petition for writ of habeas corpus under 28 U.S.C. § 2254 and the motion for stay of the state sentence. On February 3, 1983, the Court held a hearing on the Motion for Stay. After hearing oral arguments, the Court requested that both sides submit a brief on what standard the Court should apply in deciding the Motion for a Stay—*i.e.*, whether the Petitioner must demonstrate that there is a likelihood of success on the merits of the constitutional claim raised in the habeas corpus petition.

■ The Petitioner claims that the Court need not determine whether there is a likelihood of success on the merits of the claim. According to the Petitioner, she need only show that the question presented for review is a substantial one or that the appeal is not "so lacking in merit or frivolous as to warrant denial of bail pending [determination of the habeas proceeding,]" (citing *Dawkins v. Crevasse*, 391 F.2d 921 (5th Cir.1968)[3]. In contrast to the Petitioner's statement of the law, the Respondent asserts that the applicable standard is whether the Petitioner has shown extraordinary or exceptional circumstances that make the granting of bail necessary and substantial constitutional claims upon which she has a high probability of success.

After reviewing the relevant case law, the Court concludes that the Petitioner must demonstrate a likelihood of success on the merits of her claim.

Justice Douglas, on two occasions, addressed the issue now before the Court. In *Aronson v. May*, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers), an applicant requested bail pending decision by the Court of Appeals of the Second Circuit on

---

1. The statute states that "[a] person who deliberately mutilates, defaces, or defiles the flag of the United States or the State of Georgia or who uses such flag or flags for commercial advertising purposes is guilty of a misdemeanor."

2. The Petitioner was convicted of burning a privately owned national flag during a demonstration in which Petitioner's purpose was to convey a message of displeasure with American foreign policy.

3. Decisions of the Fifth Circuit handed down prior to September 30, 1981, are binding precedent unless overruled or modified by the Eleventh Circuit en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209–10 (11th Cir.1981).

his appeal from the denial of a petition for writ of habeas corpus. In a frequently quoted passage, Justice Douglas stated that:

This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. (cite omitted). In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice. See *Benson v. California,* 328 F.2d 159 (9th Cir. 1964).

In *Farr v. Pitchess,* 409 U.S. 1243, 93 S.Ct. 593, 34 L.Ed.2d 655 (1973), Justice Douglas stated that when deciding whether to release a petitioner on personal recognizance or on bail pending an appeal of a denial of a habeas corpus petition, the only question is "whether the issue presented is a substantial one." 409 U.S. at 1245, 93 S.Ct. at 594. Thus, even though Justice Douglas articulated the appropriate standard in *Aronson,* the *Farr* decision left open certain questions about the standard; in addition, the federal district and circuit courts have to define what constitutes "exceptional" situations, warranting release pending an appeal.

The former Fifth Circuit, in *Calley v. Callaway,* 496 F.2d 701 (per curiam), *rehearing and rehearing en banc denied,* 497 F.2d 1384 (5th Cir.1974), stated that "[b]ail should be granted to a military prisoner pending postconviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy

effective." 496 F.2d at 702. The Petitioner asserts that the standard enunciated in *Calley* should only be applied in cases involving military prisoners and that the appropriate standard to be applied in the case at bar does not require a finding of success on the merits of the claim.

The Court does not accept the Petitioner's argument. In articulating the appropriate standard, the *Calley* court cited numerous cases as support. None of the parties in these cases were military prisoners. In addition, a reading of all the cited cases makes clear that this circuit requires a finding of "likelihood of success" before staying sentence. Many of the cited cases speak of "exceptional circumstances." That is, the courts state that in the absence of exceptional circumstances, they will not ordinarily grant release on bail prior to an ultimate determination. The circuit court in *Calley* clarified what it meant by the requirement of "exceptional" circumstances because two of the cited cases specifically discuss the requirement of "likelihood of success on the merits." In one of these cases, *Baker v. Sard,* 420 F.2d 1342 (1969) (per curiam), the Court of Appeals for the District of Columbia stated that when a prisoner making a civil collateral attack on his probation revocation requests release pending determination of issues on appeal, the request "ordinarily must be measured against a heightened standard requiring a showing of exceptional circumstances. A forceful special circumstance is the likelihood of success on appeal. Here appellant raises substantial issues. Nevertheless, likelihood of success on appeal is only the first step in demonstrating the appropriateness of a requested release." 420 F.2d at 1344 (footnotes omitted). *See also Woodcock v. Donnelly,* 470 F.2d 93 (1st Cir.1972) (in treating application for review of district court's denial of bail to state prisoner whose habeas corpus petition was pending before district court as petition for mandamus, First Circuit discussed requirement that petitioner demonstrate probability of success on the merits; 470 F.2d at 94). The Court also notes that courts that have followed *Calley* have not

limited its application to those cases involving military prisoners. For example, the district court in *Zona v. Roberts,* 469 F.Supp. 258 (M.D.Fla.1979), stated that

> when release is sought in a *collateral* proceeding attacking incarceration resulting from a prior *judicial* determination of guilt, exceptional circumstances must be shown in addition to the mere presence of substantial issues raised by the petition. *See Aronson v. May,* 85 S.Ct. 3, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers on application for bail), and *Calley v. Callaway,* 496 F.2d 701 (5th Cir.1974) .... In the final analysis, ... whether the Court should exercise its inherent power to "enlarge" a state prisoner from his post-conviction, post-appeal incarceration is a matter of judicial discretion, not supported by any claim of right; and such discretion should be exercised in favor of release only in the clearest, most exigent circumstances....
>
> [I]t is necessary preliminarily to examine each of Petitioners' constitutional claims in order to determine the threshold issue as to whether Petitioners have demonstrated a "high probability of success." *Calley v. Callaway, supra* at 702.

469 F.Supp. at 259–60. *Cf., Bates v. Estelle,* 483 F.Supp. 224 (S.D.Tex.1980) (court cites *Calley* for proposition that " 'extraordinary or exceptional circumstances' must exist for release on bail pending habeas corpus determination").

The Petitioner states that "[a]lthough there are a few District Court decisions applying the more stringent standard of whether or not there is a likelihood the petitioner will succeed on his claim, this is not the standard applied in this District ...." Petitioner's Brief in Support of Stay at 3. In support of this statement, the Petitioner cites *Goodman v. Ault,* 358 F.Supp. 743 (N.D.Ga.1973). The Petitioner emphasizes Judge Edenfield's reliance in *Goodman* on *Boyer v. City of Orlando,* 402 F.2d 966 (5th Cir.1968). However, *Goodman* and *Boyer* do not stand for the proposition that a prisoner who has filed a petition for habeas corpus in federal district court should be released on bond if petitioner raises a substantial question. In *Boyer,* the Petitioner for habeas corpus relief had not exhausted his state remedies. The Fifth Circuit first addressed the issue of whether the Petitioner had any effective state remedies. After finding that the Petitioner should pursue the state remedies, the Court released the Petitioner on bail "to make [his] appeal to the [state] courts truly effective ...." Judge Edenfield, in *Goodman,* found *Boyer* controlling as to whether the court should insist on exhaustion of state remedies and whether, if the court insisted on exhaustion, it should grant interim relief—*i.e.,* release on bail. While this issue is somewhat analogous to that in the instant case, it is distinguishable. In fact, Judge Edenfield stated that "[i]n collateral proceedings release on bail should be granted only in exceptional circumstances." 358 F.Supp. at 747. In support of this statement, he cited *Baker v. Sard,* 420 F.2d at 1342. As stated above, the court in *Baker* stated that a petitioner must prove the likeliness of success on appeal when "demonstrating the appropriateness of a requested release." The Petitioner also cited *Gilliland v. Stynchcombe,* No. C76–376 (N.D.Ga. June 4, 1976) as support. *Gilliland,* however, clearly supports the Court's conclusion regarding the appropriate standard. Circuit Judge Hill, who was sitting by designation, released the petitioners in *Gilliland* on bail pending adjudication of their state and federal remedies, but only after finding that "the likelihood of success on the merits of an application for habeas corpus relief is excellent."

The Court's holding regarding the appropriate standard is supported by cross-referencing the relevant cases; the Court finds that a thorough reading of *Calley* and the cases cited therein requires a finding of this more stringent standard. Therefore, the Court must decide whether the Petitioner has made the necessary showing of "likelihood of success" of the constitutional claim raised in the habeas petition.

The parties have not supplied the Court with sufficient information to deter-

mine whether the statute as applied was unconstitutional. For example, neither party has supplied the Court with the record from the state proceedings. In addition, the law is unclear whether Ga.Code Ann. § 26–2803 is unconstitutional on its face.[4]

The Court, therefore, DIRECTS the parties to brief the issue of whether the Petitioner would be likely to prevail in her constitutional attack on the Georgia statute within 20 days of entry of this Order. The parties should brief the issue in light of the principles articulated in *Spence v. Washington,* 418 U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974); *Schacht v. United States,* 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); *Street v. New York,* 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); and *West Virginia State Board of Education v. Barnette,* 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943). The parties should pay particular attention to the four-part test announced in *United States v. O'Brien,* 391 U.S. at 377, 88 S.Ct. at 1679. In addition, the parties should discuss the relevance, if any, of the fact that Ga.Code Ann. § 26–2803 is not limited to either public actions or instances where the conduct is likely to incite to riot.

SO ORDERED.

4. The Supreme Court denied a petition for writ of certiorari in *Kime v. United States,* —— U.S. ——, 103 S.Ct. 266, 74 L.Ed.2d 207 (1982), in a case similar to the case at bar. In *Kime,* petitioners were convicted of violating 18 U.S.C. § 700 by burning a privately owned United States flag and were each sentenced to eight months' imprisonment. Therefore, this Court does not have the advantage of a Supreme Court ruling on the constitutionality of a statute similar, but not identical, to the Georgia statute in a case involving flag burning.

The Courts are split as to the constitutionality of flag misuse and desecration statutes. Courts have invalidated flag misuse or desecration statutes in the following cases: *Long Is-* *land Vietnam Moratorium Committee v. Cahn,* 437 F.2d 344 (2d Cir.1970), *aff'd,* 418 U.S. 906, 94 S.Ct. 3197, 41 L.Ed.2d 1153 (1974); *Parker v. Morgan,* 322 F.Supp. 585 (W.D.N.C.1971); *Crosson v. Silver,* 319 F.Supp. 1084 (D.Ariz. 1970); *Hodsdon v. Buckson,* 310 F.Supp. 528 (D.Del.1970).

Courts have upheld flag desecration statutes in the following cases: *United States v. Crosson,* 462 F.2d 96 (9th Cir.), *cert. denied,* 409 U.S. 1064, 93 S.Ct. 569, 34 L.Ed.2d 517 (1972); *Joyce v. United States,* 454 F.2d 971 (D.C.Cir. 1971), *cert. denied,* 405 U.S. 969, 92 S.Ct. 1188, 31 L.Ed.2d 242 (1972); *Deeds v. Beto,* 353 F.Supp. 840 (N.D.Tex.1973); *Sutherland v. De-Wulf,* 323 F.Supp. 740 (S.D.Ill.1971).