803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEMUEL SELLERS MORRIS, Appellant
v.
BILLY R. STORY, Appellee.
 No. 86-5421.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1986.
 BEFORE: MARTIN, GUY and NORRIS, Circuit Judge
 ORDER
 
 1
 This pro se appeal was timely filed by Lemuel Sellers Morris from the March 25, 1986 judgment of the district court adopting the Report and Recommendation of the Magistrate and dismissing Morris' petition for writ of habeas corpus. This matter is currently before the court upon consideration of Morris' "Petition for Bond". The government has filed no response. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion, the record, and the appellant's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Morris, an inmate at the Federal Correctional Institution at Ashland, Kentucky, is serving a 45-year sentence imposed by the United States District Court for the Southern District of Georgia. He filed this habeas corpus petition pursuant to 28 U.S.C. Sec. 2241 alleging that he was not tried on an indictment by the Grand Jury but upon an amended or redacted indictment in violation of the Fifth Amendment. The Magistrate found that Morris' challenge to the propriety of his trial is a matter that must be brought before the court imposing the sentence and recommended that habeas corpus be denied without prejudice to Morris' right to file a motion to vacate sentence under 28 U.S.C. Sec. 2255 in the Southern District of Georgia. Morris timely filed his Objections to the Magistrate's Report which were overruled by the district court after an independent review of the record. The district court adopted the Report of the Magistrate and denied the petition for writ of habeas corpus without prejudice to Morris' right to file a Sec. 2255 motion to vacate in the Southern District of Georgia. Morris appealed and filed his "Petition for Bond pursuant to 28 U.S.C. Sec. 2241" in this Court.
 
 
 3
 Bail in habeas corpus cases is governed by Rule 23(b), Federal Rules of Appellate Procedure. See Jago v. United States District Court, 570 F.2d 618 (6th Cir. 1978). Rule 23 grants broad discretion to the district court in determining whether to release a prisoner during the pendency of a habeas appeal. There must be a strong showing by petitioner that special reasons or exceptional circumstances exist to warrant granting bail. See Dallo v. United States, 765 F.2d 581 (6th Cir. 1985); Ostrer v. United States, 584 F.2d 594, 599 (2d Cir. 1978); Baker v. Sard, 420 F.2d 1342, 1343 (D.C. Cir. 1969). Morris has made no showing of any exceptional circumstances which would warrant his release pending appeal.
 
 
 4
 A challenge to the legality of a conviction and sentence must be brought under 28 U.S.C. Sec. 2255 in the court that imposed the sentence. Cohen v. United States, 593 F.2d 766 (6th Cir. 1979); Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir. 1977). A challenge to the execution of a sentence, however, must be brought under 28 U.S.C. Sec. 2241 in the district wherein the petitioner is incarcerated. Wright v. United States Board of Parole, supra. A petition under Sec. 2241 is appropriate only when the petitioner is attacking events occurring after the imposition of sentence or when a Sec. 2255 petition is shown to be inadequate or ineffective. Cohen v. United States, supra. Morris argues that his conviction is illegal because he was tried on an amended or redacted indictment rather than one returned by the Grand Jury. This claim clearly attacks the conviction and imposition of sentence rather than its execution. Therefore, the district court correctly held that Morris should have sought Sec. 2255 relief in the Southern District of Georgia. Further, Morris has not shown that a Sec. 2255 petition is inadequate or ineffective.
 
 
 5
 Accordingly, it is ORDERED that the motion for bond is denied and that the judgment of the district court is affirmed pursuant to Sixth Circuit Rule 9(d)(3).