United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 06-70050

_____

ANTHONY GRAVES,

Petitioner -Appellee,

VERSUS

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondant - Appellant

Appeal from the United States District Court
for the Southern District of Texas, Galveston Division
No. G-00-221

Before DAVIS, WIENER and GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

This is a habeas corpus case with a lengthy procedural history. Anthony Graves

was tried for and convicted of the capital murders of six people in a single transaction in

November 1994. His conviction was affirmed in state court and Graves then sought

federal habeas corpus relief under 28 U.S.C. § 2254. On March 3, 2006, this court issued

an opinion reversing the district court's judgment denying habeas relief and remanding to

the district court "with instructions to grant the writ of habeas corpus unless the state

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

proceeds to retry petitioner within a reasonable time." Graves v. Dretke, 442 F.3d 334, 345 (5th Cir. 2006). The mandate issued on April 25, 2006.

On May 16, 2006, the district court issued an order conditionally granting the writ, "'unless the state proceeds to retry petitioner within a reasonable time.' Any retrial shall be initiated within 120 days of entry of this Amended Order." The 120-day period expired on September 13, 2006.

On May 31, 2006, the Director filed a petition to the United States Supreme Court seeking certioroari review this court's judgment. On June 7, the Director filed a motion in the district court seeking a stay of the court's order conditionally granting the writ pending resolution of its cert petition. Graves opposed the motion and filed a motion for release. The district court denied the state's request for a stay on August 30, 2006.

On September 1, 2006, Graves' state case was transferred from Brazoria County, where he had originally been tried, to Burleson County, the county of original venue. Also on September 1, the Burleson County District Attorney's Office applied for a bench warrant directing the Burleson County Sheriff's Office to take custody of Graves from the Texas Department of Criminal Justice, Correctional Institutions Division. The warrant was granted and Graves appeared at a September 8 status hearing regarding his retrial.

On October 2, 2006, the United States Supreme Court denied the State's petition for certiorari, exhausting all appeals regarding Graves' capital conviction. Quarterman v. Graves, ___ U.S. ___, 127 S.Ct. 374 (2006). On October 4, 2006, the United States Magistrate Judge recommended that Graves' Motion for Release be granted finding (1)

2

that the state had not yet proceeded to retry Graves as required by the district court's conditional writ order, and (2) that insufficient evidence supports any finding that Graves is likely to flee if released. On November 3, 2006, the district court issued an Opinion and Order adopting the magistrate judge's Report and Recommendation and ordering:

> It is, therefore, the ORDER of this Court that the "Motion for Release" [] of Petitioner, Anthony Graves, is GRANTED.
>
> It is further ORDERED that bail is SET in the amount of $50,000 with the conditions that a $5,000 cash deposit be paid into the Registry of the Court, that Graves appear in the State Court as necessary, and that Graves not travel outside the boundaries of the State of Texas without prior Court approval.
>
> It is further ORDERED that upon compliance with the conditions of his release, Graves be released from custody unless the State Trial Court, prior to that time, has set bail in a particular amount or issued a Detention Order pursuant to the State's regular pre-trial detention procedures.

Based on the record before us, no action has been taken in the state court to determine Graves' eligibility for or conditions for release.

The state appealed the release order and filed an Emergency Motion to Stay Release Order Pending Appeal. On November 9, 2006, this court initially granted the state's Emergency Motion but ordered the state to supplement is memorandum in support of the stay. We now consider the state's Emergency Motion.

The Director argues that the district court exceeded its authority in issuing this order based on its contentions that (1) the district court erred in concluding that it had not complied with the conditional writ order, (2) the release order exceeds the scope of this court's mandate, and (3) the release order exceeds the scope of the habeas remedy

3

because Graves is now in the custody of Burleson County rather than in the custody of the Director. We find these arguments to be without merit and deny the motion.

The district court's factual conclusion that the state has not proceeded to retry Graves as ordered has support in the record and is not clearly erroneous. We also reject the suggestion that the district court exceeded its authority by allowing Graves to be released on bond and that the Director's transfer of Graves to the custody of Burleson County somehow deprives the district court of jurisdiction over Graves in this habeas proceeding.

The district court's authority to release Graves on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself. In re Wainwright, 518 F.2d 173, 175 (5th Cir. 1975); Marino v. Vazquez, 812 F.2d 499, 507 (9th Cir. 1987). The district court has broad discretion in conditioning a judgment granting habeas relief, including whether to release a petitioner with or without bond. Hilton v. Braunskill, 481 U.S. 770, 775 (1987). The district court properly considered all relevant factors before issuing its order and its order has a presumption of correctness that the Director has not overcome. Id.

The court determined in Graves' habeas corpus proceeding that his conviction was unconstitutional and set the conviction aside. That judgment did not determine that the charge is invalid or bar Graves' retrial. We note, as did the district court, that once Graves is released under the writ, the state is free to treat Graves as any other accused person under indictment including retaking him into custody. Since Graves position "is

4

now no more or less than that of any other state-indicted, not-yet-tried individual, . . . the State could follow its normal procedures for imposing or denying bail or conditions of release" pending his retrial. Carter v. Rafferty, 781 F.2d 993, 998 (3d Cir. 1986). See also Bowen v. Maynard, 799 F.2d 593 (10th Cir. 1986). Release under a federal bond does not impede that authority. Id.

Our order staying Graves' release will remain in effect until January 4, 2007, to give the state sufficient time to meet the conditions of the district court's order for Graves' detention order or release under the state's regular pre-trial detention procedures.

DENIED.