**Hani Saleh Rashid ABDULLAH et al., Petitioners,**

**v.**

**George W. BUSH et al., Respondents.**

**Civil Action No. 05–23 (UNA).**

United States District Court, District of Columbia.

May 21, 2013.

---

Stephen M. Truitt, Stephen M. Truitt, Esq., Washington, DC, Charles Henry Carpenter, Carpenter Law Firm PLC, Missoula, MT, for Petitioners.

Ronald James Wiltsie, Alexander Kenneth Haas, Andrew I. Warden, David Hugh White, Edward Martin, Jean Lin, Julia A. Berman, Kathryn Celia Davis, Patrick D. Davis, Paul A. Dean, Robert J. Prince, Terry Marcus Henry, Timothy Andrew Johnson, David P. Avila, U.S. Department of Justice, Washington, DC, for Respondents.

## ORDER

RICHARD W. ROBERTS, District Judge.

Petitioner Hani Abdullah, a Yemeni national detained at Guantánamo Bay, has

filed a motion for a preliminary injunction seeking an order releasing him unless his detention complies with the Third Geneva Convention, and directing the respondents to treat him in accord with the Yemen Agreement, an executive agreement between Yemen and the United States signed in 1946.[1] *See* Petitr.'s Mot. to Enforce ("Petitr.'s Mot."), Proposed Order at 1–2. Article III of the Yemen Agreement states that:

> Subjects of His Majesty the King of the Yemen in the United States of America and nationals of the United States of America in the Kingdom of the Yemen shall be received and treated in accordance with the requirements and practices of generally recognized international law. In respect of their persons, possessions and rights, such subjects or nationals shall enjoy the fullest protection of the laws and authorities of the country, and shall not be treated in any manner less favorable than the nationals of any third country.

Agreement Between the United States of America and the Kingdom of Yemen Respecting Friendship and Commerce (May 4, 1946), 60 Stat. 1782 (the "Agreement"). Abdullah argues that the Agreement prohibits the respondent from discriminatorily refusing to repatriate him to Yemen, Petitr.'s Mot. at 19–20, and incorporates international law which prohibits his indefinite detention, *id.* at 20–22.

The respondents oppose Abdullah's request, arguing that Abdullah has not shown that any purported violation of the Agreement caused him the requisite irreparable harm, Respts.' Opp'n at 8, that Abdullah has not shown a likelihood of success on the merits, *id.* at 12, and that he has not otherwise shown the factors necessary to justify interim release. *See* Respts.' Opp'n at 18.[2] Abdullah responded that he does not actually seek pre-adjudication release, and instead seeks merely "compliance with the Yemen Agreement." Petitr.'s Reply at 12.[3]

 "A preliminary injunction is an 'extraordinary' remedy." *Diwan v. EMP Global LLC,* 841 F.Supp.2d 246, 249 (D.D.C.2012) (quoting *Mazurek v. Arm-*

1. Chambers just received from counsel for Abdullah a courtesy copy of a petition filed in the court of appeals for a writ of mandamus directing the district court to decide the pending motion for a preliminary injunction. The petition revealed that this case has been carried on the district court's electronic docket as "Unassigned." A resulting inspection of the report chambers routinely generates from the electronic docket for status review listing all civil cases assigned to the undersigned indeed confirmed that this case does not appear on the list of cases carried by the undersigned. No other district judge would be the appropriate one to whom to direct a writ, and the undersigned will address this pending motion.

2. The respondents suggest that Abdullah lacks standing to challenge the respondents' suspension of repatriations to Yemen given Yemen's instability and the respondents' failure to repatriate him to Yemen. Their argument is that since Abdullah believes respondents view him as a detainee too dangerous to repatriate and has not alleged that respondents view him as a Yemeni detainee eligible for repatriation pending improvement in the Yemeni security situation, he cannot show that failure to repatriate him can be traced to the respondents' decision to suspend repatriations to Yemen. Abdullah makes the fair point that holding this against him would be unfair as long as he is kept from knowing how the respondents have classified him.

3. Abdullah's reply could be construed as seeking an order stating that the Geneva Convention prohibits the conditions of his confinement. *See* Petitr.'s Reply at 19–20. However, the court of appeals has held that "Congress has provided explicitly that the Convention's provisions are not privately enforceable in habeas proceedings." *Al–Adahi v. Obama,* 613 F.3d 1102, 1111 n. 6 (D.C.Cir. 2010).

*strong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997)). It ordinarily is sought to preserve the status quo pending the resolution of the underlying litigation. *City of Moundridge v. Exxon Mobil Corp.,* 429 F.Supp.2d 117, 126 (D.D.C.2006) (stating that "a motion for a preliminary injunction generally seeks to maintain the status quo"). A preliminary injunction that would change the status quo is an even more extraordinary remedy. *See Spadone v. McHugh,* 842 F.Supp.2d 295, 301 (D.D.C.2012) (stating that "[i]n this Circuit, the power to issue a preliminary injunction, especially a mandatory one, should be sparingly exercised") (internal quotation omitted); *Sierra Club v. Johnson,* 374 F.Supp.2d 30, 33 (D.D.C.2005) (stating that a mandatory injunction that changes the status quo "is an extraordinary remedy, especially when directed at the United States Government"). A plaintiff seeking a preliminary injunction "carries the burden of persuasion by a clear showing 1) of a substantial likelihood of success on the merits, 2) of irreparable injury if the injunction is not issued, 3) that the injunction would not substantially injure other interested parties, and 4) that the injunction is in the public interest." *Diwan,* 841 F.Supp.2d at 249 (citing *Cobell v. Norton,* 391 F.3d 251, 258 (D.C.Cir. 2004)). "When an action pending in a United States court seeks release from what is claimed to be illegal detention, the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release, pending determination of the merits." *Baker v. Sard,* 420 F.2d 1342, 1343 (D.C.Cir.1969). However, a habeas petitioner should be granted bail only in unusual cases, when the petitioner has shown that exceptional circumstances exist which make the grant of bail necessary to effectuate the habeas remedy. *See Mapp v. Reno,* 241 F.3d 221,

226 (2d Cir.2001); *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir.1974).

■ Abdullah invests the bulk of his efforts in arguing that the Yemen agreement can provide the basis for relief. Even if he is right, he reduces his efforts regarding the remaining factors to little more than saying "[t]he familiar test for the grant of interim injunctive relief is set out in the margin." *See* Petitr.'s Mot. at 39; *and see* Reply at 13–14. If Abdullah seeks pre-adjudication release, he has not made any showing that his case is one where pre-adjudicative release is necessary to effectuate habeas. Nor has he shown a lesser harm to the respondents if they cannot regain his custody should habeas be ultimately found unwarranted, or likewise that the public interest would favor the release now on an as-of-yet unadjudicated habeas claim. If Abdullah does not seek pre-adjudicative release, he has not explained what irreparable injury he faces outside of the injuries addressed by the merits of underlying habeas petition itself if his order is not granted, and he has not explained how the order he seeks would rectify that injury. Nor has he shown the public interest and a lesser harm in precluding the executive from making assessments about the stability and safety of nations to which detainees might be transferred. Accordingly, it is hereby

ORDERED that the petitioner's motion [295] for a preliminary injunction be, and hereby is, DENIED.