**UNITED STATES of America**

v.

**Herbert Francis YOUNG, Defendant.**

**Criminal Action No. 07–00153–4 (TFH)**

United States District Court,
District of Columbia.

Filed 04/09/2015

Anthony F. Scarpelli, John K. Han, Timothy W. Lucas, Zia Mustafa Faruqui, Suzanne Grealy Curt, William John O'Malley, Jr., U.S. Attorney's Office for the District of Columbia, Bernard J. Delia, Barry Wiegand, U.S. ATTORNEY'S OFFICE Special Proceedings Section, Washington, DC, for United States of America.

Herbert Francis Young, Butner, NC, pro se.

Mitchell Stuart Baer, Mitchell S. Baer, Washington, DC, Thomas J. Saunders, Law Office of Thomas J. Saunders, Baltimore, MD, for Defendant.

## ORDER

Thomas F. Hogan, Senior United States District Judge

In accordance with the matters discussed during the hearing held in open court on April 8, 2015, and for the reasons set forth from the bench during the hearing and any that follow, it hereby is

**ORDERED** that the United States' MO-TION TO STAY THE PROCEEDINGS AND RESET BRIEFING SCHEDULE FOR DEFENDANT'S MO-TION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [ECF No. 884] is **DENIED**. It further is

**ORDERED** that the United States shall file a response(s) to the following pending motions on or before May 8, 2015: (1) MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [ECF No. 863], (2) WRIT OF STAY PURSUANT TO 28 U.S.C. 2251 [ECF No. 864], and (3) RE-QUEST TO ENTER DEFAULT AND UNCONDITION-AL DISCHARGE [ECF No. 883]. It further is

**ORDERED** that the defendant may file a reply brief(s) on or before May 19, 2015, in support of the three motions identified in the immediately preceding paragraph. It further is

**ORDERED** that the defendant's DIS-QUALIFICATION OF JUSTICE, JUDGE OR MAGIS-TRATE PURSUANT TO 28 USC 455 (A) AND (D)(1) [ECF NO. 820] is **DENIED**. The motion argues that the undersigned, as well as Judge Ellen Huvelle, be disqualified because the defendant's 28 U.S.C. § 2255 motion was never docketed by the Clerk of the Court. Since the date the defendant moved for disqualification, however, the 28 U.S.C. § 2255 motion was docketed by the Clerk of the Court, so the docketing issue is moot and the disqualification motion otherwise fails to present any evidence of bias, partiality or prejudice that would warrant disqualification pursuant to 28 U.S.C. § 455(a), which requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Moreover, because "[d]is-

cretion is confided in the district judge in the first instance to determine whether to disqualify [her]self," *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), it would be inappropriate for the undersigned to rule on disqualification with respect to Judge Ellen Huvelle. Finally, it is

**ORDERED** that the defendant's Ex Parte Petition for Extraordinary Writ in the Nature of Habeas Corpus Ad Subjicien'dum: United States Constitution Article (1) Section (9) Clause (2): 28 USC §§ 1651, 2255 and 2251: Title 18 Usc 3143: Federal Rule of Criminal Procedure Rule 2, Federal Rule of Civil Procedure Rule 60(B)(4) [ECF No. 869], which requests that the defendant be released pending the resolution of his 28 U.S.C. § 2255 motion, is **DENIED**.

■ Although a district court has the inherent power to "grant bail or release, pending determination of the merits" of a habeas petition, *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986), "when the attack is collateral, the release request ordinarily must be measured against a heightened standard requiring a showing of exceptional circumstances," *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969) (per curiam). In this case, the defendant is serving a 181–month sentence of incarceration after being convicted by a jury of four crimes related to his involvement in a large-scale narcotics conspiracy. The defendant's conviction has been affirmed by the United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit") and his 28 U.S.C. § 2255 motion indicates that at least half of the eight legal challenges raised therein were, in fact, raised during the direct appeal of his conviction, in which case they have already been considered and rejected by the appellate court. Def.'s Mot. Under 28 U.S.C. § 2255 at 5(b)(1), 7(b)(1), 8(b)(1), 10(b)(1), 10a(b)(l), 10c(b)(l), 10d(b)(l), 10f(b)(l).

■ The remaining legal challenges involve theories that do not appear likely to succeed on the merits given that they are based on an asserted "doctrine of shall," which, as far as this Court can determine, is not a valid—or even existing—legal theory, an argument that is premised on an incomplete articulation of the law of possession, and the defendant's assertion that 18 U.S.C. § 3231 was not properly enacted. Def.'s Mot. Under 28 U.S.C. § 2255 at 8(a), 10b(a), 10d(a). The defendant also raised a claim that appellate counsel was ineffective for failing to meet with him in person, requiring him to communicate over a prison e-mail system that lacked confidentiality, and preventing the defendant from presenting his arguments in propria persona and sui juris, but the defendant offers no explanation about how the result of the proceedings would have been different but for counsel's actions. *See, e.g., United States v. Shabban*, 782 F.3d 3 (D.C. Cir. 2015) (stating that "[a]n appellant claiming ineffective assistance of counsel must show ... that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (internal quotation marks omitted)). Although the Court makes no definitive ruling on the merits of these arguments at this stage of the proceedings, the Court nevertheless is compelled to conclude that, for purposes of determining whether release pending the resolution of the defendant's 28 U.S.C. § 2255 motion is appropriate, the defendant has failed to show that his motion presents a substantial legal claim—or that exceptional circumstances otherwise exist—that warrant immediate release.[1] *See*

---

1. During the hearing, the Court advised the defendant that, if he chose to do so, he could

*United States v. Taylor*, 254 F.3d 1080, 1080 (5th Cir. 2001) (per curiam) ("Release pending disposition of a 28 U.S.C. § 2255 motion will be granted only when the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.").

**SO ORDERED.**

seek to amend his 28 U.S.C. § 2255 motion to add additional legal challenges, including any evidentiary challenges, assuming that such challenges were timely and otherwise satis-

fied applicable legal rules and principles. The defendant, however, made clear that he would like the Court to rule on his motion as originally presented.